

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

### No. 07-16-00175-CR

ALBERTITO MOLINAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 26,125-A, Honorable Dan L. Schaap, Presiding

November 17, 2016

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Albertito Molinar, a prison inmate appearing *pro se*, filed a notice of appeal from his convictions of evading arrest or detention causing serious bodily injury to another person,[1] and theft of property valued less than $1,500 with two or more previous convictions of theft.[2]  Appellant was sentenced to twenty-five years

---

[1] TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(B) (West Supp. 2016).

[2] TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D) (West Supp. 2016).

imprisonment for evading arrest, enhanced by two prior felony convictions,[3] and two years imprisonment for theft.

The trial court clerk's record was filed on June 13, 2016. The reporter's record was filed on August 29. Consequently, appellant's brief was due on September 28. Appellant did not file a brief or request an extension of time by this deadline. On October 21, we sent appellant notice that his brief was past due. In that letter, we informed appellant that if he failed to file his brief by November 4, the appeal would be abated and the cause remanded to the trial court for further proceedings without further notice. Appellant did not file a brief and we have received no further communication from him.

Appellate Rule 38.8(b) provides, in part, that in a criminal case an appellant's failure to file a brief does not authorize either dismissal of the appeal or consideration of the appeal without briefs, unless the trial court has found either (1) that the appellant no longer desires to prosecute the appeal, or (2) that the appellant is not indigent but has not made the necessary arrangements for filing a brief. Tex. R. App. P. 38.8(b)(1), (4). Therefore, we abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule of Appellate Procedure 38.8(b).

On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

1. whether appellant desires to prosecute his appeal;

2. whether appellant is indigent and entitled to the appointment of counsel;

---

[3] Tex. Penal Code Ann. § 12.42(d) (West Supp. 2016).

2

3. whether appellant has failed to make necessary arrangements for filing a brief;

4. the reason for the failure to file a brief; and

5. if appellant desires to continue the appeal, and is represented by counsel, the date the Court may expect appellant's brief to be filed.

Should the trial court determine appellant desires to prosecute this appeal and is indigent, it shall appoint appellate counsel. Should the trial court appoint counsel or if appellant has retained counsel, the name, postal service and e-mail addresses, telephone number, and state bar number of the newly-appointed or newly-retained counsel shall be provided to the Clerk of this Court in an order of the trial court.

Finally, the trial court shall execute findings of fact, conclusions of law, and any orders it finds necessary regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, to be included in a supplemental clerk's record to be filed with the Clerk of this Court by December 19, 2016.

New counsel shall file appellant's brief within thirty days of the date of appointment or engagement.

It is so ordered.

Per Curiam

Do not publish.

3